IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**VONYA CATAULIN,**

    Petitioner,

v.                                                       Civil Action No. **3:15CV52**

**COMMONWEALTH OF VIRGINIA,**

    Respondent.

## MEMORANDUM OPINION

Vonya Cataulin, a former Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 1) challenging her conviction in the Circuit Court of the City of Norfolk, Virginia (hereinafter, "Circuit Court"). Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Cataulin has responded. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

Cataulin pled guilty to one count of malicious wounding and, on October 28, 2011, the Circuit Court sentenced her to an active sentence of one year in prison. (ECF No. 10-1, at 1-3.) On December 15, 2011, the Circuit Court entered final judgment. (*Id.* at 3.)[1] Cataulin noted an appeal that she later withdrew on January 12, 2012. (*See* § 2254 Pet. ¶ 9; ECF No. 10-2, at 1.) Thereafter, Cataulin filed several unsuccessful motions for reconsideration. (*See id.* ¶ 11(b)-(c).)

---

[1] The Circuit Court entered final judgment by Sentencing Order on October 28, 2011. However, on December 15, 2011, the Circuit Court entered an Amended Sentencing Order. (ECF No. 10-1, at 1-3.) The parties fail to explain how the Amended Sentencing Order affects the finality of the conviction. Accordingly, in an abundance of caution, the Court uses the December 15, 2011 Amended Sentencing Order as the date that final judgment was entered.

On January 13, 2014, Cataulin filed a petition for a writ of habeas corpus in the Circuit Court.[2] (ECF No. 10-2, at 1.) On May 1, 2014, the Circuit Court denied the petition finding it untimely and barred by the section 8.01-654(A)(2) of the Virginia Code. (ECF No. 10-3, at 1-2.) On December 8, 2014, the Supreme Court of Virginia found no reversible error in the Circuit Court's judgment and refused the petition for appeal. (ECF No. 10-5, at 1.)

On January 23, 2015, Cataulin filed the instant § 2254 Petition.[3] In her § 2254 Petition, Cataulin asserts the following claims for relief:

Claim One   Trial counsel rendered ineffective assistance.

Claim Two   "Conflict of interest/bias of counsel."[4] (§ 2254 Pet. 7.)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Cataulin's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] Cataulin named this filing a "Motion for post conviction relief," (ECF No. 10-2, at 1), but she later refers to the filing as a "Petition for Writ of Habeas Corpus" (§ 2254 Pet. ¶ 11).

[3] This is the date Cataulin states she placed her § 2254 Petition in the prison mailing system (*see* § 2254 Pet. 15), and the Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[4] The Court corrects the capitalization in the quotations from Cataulin's submissions.

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Cataulin's judgment became final on Tuesday, January 17, 2012, when the time to file an appeal expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (providing no appeal allowed unless notice of appeal filed within thirty days of final judgment). The limitation period began to run on January 18, 2012, and continued to run for more than two years, with the exception of one day of tolling, until Cataulin filed her state petition for a writ of habeas corpus on January 23, 2014. *See* 28 U.S.C. § 2244(d)(2).

### C. Statutory Tolling

Cataulin indicates that in December 2011, she filed a *pro se* "motion for reconsideration," wherein she informed the Court that her "attorney gave false and misleading statements about [her] mental illness diagnosis that influenced the outcome of [her] case." (§ 2254 Pet. ¶ 11(b).) Cataulin indicates that the Circuit Court denied the motion in January 2012. (*Id.*) Cataulin also

states that her attorney filed a "motion to reconsider," asking for Cataulin's placement in "'therapeutic housing'" after her release that was denied. (§ 2254 Pet. ¶ 11(c)). Cataulin provides no dates for this purported filing. Respondent fails to address any impact these motions may have had on the limitation period.

While these motions for reconsideration, filed in her criminal case, doubtfully constitute collateral applications for relief necessary to toll the limitation period, *see Frazier v. Johnson*, No. 3:09CV119, 2010 WL 2553729, at *3-4 (E.D. Va. June 24, 2010) (explaining that "pleas for leniency" that "do not draw into question the legality of the underlying conviction and sentence" fail to qualify as "collateral application for relief" (citing *Walkowiak v. Haynes*, 272 F.3d 234, 236-38 (4th Cir. 2001))), the Court need not reach that issue here. Even with the benefit of tolling during the pendency of the motions for reconsideration, Cataulin's § 2254 Petition remains untimely.

The Circuit Court docket indicates that Cataulin filed motions for reconsideration on December 2, 2011, and on December 15, 2011, and that the Circuit Court denied the motions on December 15, 2011.[5] This is the same day the Circuit Court entered final judgment, so this motion fails to entitle Cataulin to any statutory tolling. Cataulin apparently filed another motion for reconsideration on March 26, 2012 that was denied the same day.[6] The Court assumes without deciding that the motion for reconsideration tolled the limitation period for one day on

---

[5] *See* http://www.courts.state.va.us (select "Case Status and Information;" select "Circuit Court" from drop-down menu; then follow hyperlink for "Case Information;" then select "Norfolk Circuit Court" from drop-down menu, and then follow "Begin" button; select "Criminal," type, Cataulin, Vonya," then follow "Search by Name" button; then follow hyperlinks for "CR11000990-00;" then follow "Pleadings/Orders" button (last visited Dec. 28, 2015).

[6] *See* http://www.courts.state.va.us (select "Case Status and Information;" select "Circuit Court" from drop-down menu; then follow hyperlink for "Case Information;" then select "Norfolk Circuit Court" from drop-down menu, and then follow "Begin" button; select "Criminal," type, Cataulin, Vonya," then follow "Search by Name" button; then follow hyperlinks for "CR11000990-00;" then follow "Pleadings/Orders" button (last visited Dec. 28, 2015).

March 26, 2012. Thus, Cataulin had one year, or until Monday, January 21, 2013 to file her § 2254 Petition.[7] Because Cataulin failed to file her § 2254 Petition until January 27, 2015, the statute of limitations bars the § 2254 Petition unless she demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D) or equitable tolling. Neither Cataulin nor the record suggests any plausible basis for belated commencement of the limitation period or equitable tolling.

### D.    Cataulin's Arguments for Timeliness

Cataulin suggests her § 2254 Petition is timely because *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) allows her to bring an untimely § 2254 Petition. The Supreme Court in *Martinez* explained that ineffective assistance of counsel "at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315. Cataulin fails to suggest how *Martinez* entitles her to a belated commencement of the limitation period under § 2244(d) or entitles her to equitable tolling under the pertinent analysis. At most she states that her "petition should move forward since [she is] an indigent, *pro se* petitioner with no access to counsel." (§ 2254 Pet. ¶ 18 (emphasis added).) Moreover, even if Cataulin had sufficiently argued for a belated commencement or equitable tolling, *Martinez* has no applicability to cases barred by § 2244(d). *See Couch v. Woodson*, No. 3:13CV146, 2013 WL 5933543, at *2 (E.D. Va. Nov. 5, 2013) (citing *Saunders v. Lamas*, No. 12-1123, 2013 WL 943351, at *6 (E.D. Pa. Feb. 13, 2013); *Wieland v. Thompson*, No. 3:10-cv-00059-MA, 2012 WL 5036820, at *7 (D. Or. Oct. 17, 2012) (explaining that *Martinez* provides no relief for an untimely petition under AEDPA)).

---

[7] The Court notes that when Cataulin filed her state habeas petition on January 13, 2014, the federal limitation period had already expired one year before. Thus, she lacks any entitlement to statutory tolling for that state habeas petition. *Deville v. Johnson*, No. 1:09cv72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)).

In her Response, Cataulin also vaguely suggests that she is entitled to equitable tolling. Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Cataulin claims that she is entitled to equitable tolling, in sum, because she "has made a good faith effort to file her petition after finally being able to research and represent her case *pro se*; and to make each subsequent deadline that she could after recovering from serious mental illness." (Resp.1, ECF No. 14 (emphasis added).) Such a vague argument fails to provide an adequate basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citations omitted) (observing that *pro se* status and ignorance of the law fail to warrant equitable tolling). Cataulin's "bare assertion that [she] suffer[ed] from some mental impairment, 'without more, is insufficient to justify equitable tolling.'" *Robinson v. Hinkle*, 610 F. Supp. 2d 533, 539 (E.D. Va. 2009) (quoting *Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005). Additionally, Cataulin fails to show specific facts that she diligently pursued her rights and extraordinary circumstances prevented her from timely filing her federal habeas petition. *See Pace*, 544 U.S. at 418-19.

Because Cataulin fails to demonstrate entitlement to equitable tolling or a belated commencement, the statute of limitations bars her § 2254 Petition.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 9) will be GRANTED. Cataulin's petition for relief under 28 U.S.C. § 2254 will be DENIED. A certificate of appealability will be DENIED.[8] The action will be DISMISSED.

An appropriate Final Order shall issue.

/s/ Roderick C. Young
United States Magistrate Judge

Date: December 28, 2015
Richmond, Virginia

---

[8] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Cataulin fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.